IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-02141-PAB-MEH

MARCUS WILLIAMS,

    Plaintiff,

v.

BAC HOME LOAN SERVICING, LP,

    Defendant.

---

**RECOMMENDATION FOR DISMISSAL FOR
FAILURE TO PROSECUTE**

---

**Michael E. Hegarty, United States Magistrate Judge.**

This matter comes before the Court *sua sponte*, due to Plaintiff's failure to adequately respond to the Court's Order to Show Cause, Plaintiff's failure to respond to Defendant's Motion to Dismiss, and Plaintiff's failure to appear at the November 30, 2010 Scheduling Conference. For the reasons stated below, the Court recommends this case be **dismissed without prejudice** for Plaintiff's failure to prosecute and Defendant's pending Motion to Dismiss [filed October 12, 2010; docket #19] be **denied as moot**.[1] The Court further recommends that Defendant be awarded its fees incurred by its appearance at the November 30, 2010 Scheduling Conference.

---

[1] Be advised that all parties shall have fourteen (14) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72. The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within fourteen (14) days after being served with a copy may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *In re Garcia*, 347 F. App'x 381, 382-83 (10th Cir. 2009).

**I.     Background**

Plaintiff filed this matter in Boulder County District Court, claiming Defendant wrongfully foreclosed on Plaintiff's home. (Docket #1-6.) Defendant removed the action to federal court on September 1, 2010, and responded to Plaintiff's complaint with a motion to dismiss filed on October 12, 2010. (Docket #19.) On October 13, 2010, the Court instructed Plaintiff to respond to the motion on or before November 4, 2010. (Docket #21.) Plaintiff did not respond nor did Plaintiff request an extension of time to submit a response.

The Court issued an Order to Show Cause as to Plaintiff's failure to respond on November 16, 2010. (Docket #22.) The Court directed Plaintiff to show cause, in writing and filed with the Court, on or before November 29, 2010. (*See id.*) In granting Plaintiff's request for the resetting of the scheduling conference, the Court reminded Plaintiff of his obligation to show cause on or before November 29, 2010. (Docket #26.) Plaintiff's "Answer to Order to Show Cause" was docketed on November 30, 2010. In this response, Plaintiff offers no excuse for his failure to respond to Defendant's motion to dismiss; Plaintiff simply offers a legal conclusion as to the allegations against Defendant. This response inadequately addresses Plaintiff's obligation within the Order to Show Cause, and in any event, does not excuse Plaintiff's continuing failure to respond to the pending motion to dismiss.

Furthermore, at Plaintiff's request, the Court reset the Scheduling Conference to November 30, 2010. The Court, in addition to reminding Plaintiff of his obligation to show cause, also reminded Plaintiff of his obligation to jointly prepare a proposed scheduling order. (*See* docket #26.) Defendant had previously indicated Plaintiff's non-cooperation in the preparation of the proposed scheduling order. (Docket #23 at 1.) Plaintiff did not appear for the November 30, 2010 Scheduling Conference, nor did Plaintiff contact Chambers to offer an excuse for his non-appearance.

**II.     Discussion**

Although Plaintiff proceeds in this case without an attorney, he bears the responsibility of prosecuting this case with due diligence. The Court must liberally construe *pro se* filings; however, *pro se* status does not excuse the obligation of any litigant to comply with the same rules of procedure that govern other litigants. *See Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992); *see also Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994). Plaintiff was ordered to respond to an Order to Show Cause and to Defendant's Motion to Dismiss, but failed to adequately do so. Additionally, Plaintiff has made no request for an extension of time in which to file a response to the motion to dismiss. Further, Plaintiff failed to cooperate in the preparation of a proposed scheduling order and failed to appear at the Scheduling Conference set for November 30, 2010.

The Federal Rules of Civil Procedure give a district court ample tools to deal with a recalcitrant litigant. *See Jones v. Thompson*, 996 F.2d 261, 264 (10th Cir. 1993). Federal Rule of Civil Procedure 41(b) allows a defendant to move for dismissal of an action if the plaintiff fails to prosecute or to comply with a court order. *See id. See also Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1161 (10th Cir. 2007). Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the Rule has long been interpreted to permit courts to dismiss actions *sua sponte* for a plaintiff's failure to prosecute or comply with the rules of civil procedure or the court's orders. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962). *See also Hawkinson v. Montoya*, 283 F. App'x 659, at *2 n.2 (10th Cir. 2008) (unpublished) (citing *Rogers v. Andrus Transp. Servs.*, 502 F.3d 1147, 1151 (10th Cir. 2007)). When evaluating grounds for dismissal of an action, the Court looks to the following *Ehrenhaus* factors:

> (1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; … (3) the culpability of the litigant, (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance, and (5) the efficacy of lesser sanctions.

*Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992) (citations omitted).

Regarding the first factor, Plaintiff's failure to respond to Defendant's Motion to Dismiss adversely affects Defendant's proceeding in this matter by impeding the Court's ability to review both parties' pleadings for consideration in reaching a fair and just conclusion of Plaintiff's claims. Plaintiff's failure to participate in the drafting of the proposed scheduling order and the Scheduling Conference set for November 30, 2010 impedes the Court's ability to set the necessary schedule for the completion of this lawsuit, further prejudicing Defendant. In satisfaction of the second factor, Plaintiff's non-compliance with the judicial process by failing to comply with the Court's orders flouts the Court's authority, similar to the Tenth Circuit's determination in *Ehrenhaus*. Additionally, Plaintiff's persistent failure to respond to the Court's orders compels the Court's continuous monitoring of this matter and unnecessary issuance of orders, in turn increasing the workload of the Court and therefore interfering with the administration of justice.

In evaluating the third factor, the Court expressly ordered Plaintiff to respond to the Order to Show Cause and to Defendant's Motion to Dismiss. The record of Plaintiff's failure to adequately respond to the Court's orders leads the Court to believe Plaintiff is culpable under these circumstances. Furthermore, the warning in the Court's November 16, 2010 Order to Show Cause and the reminder from the Court in its November 22, 2010 minute order gave Plaintiff notice that claims could be dismissed as a result of his failure to respond, in satisfaction of the fourth factor.

In considering the fifth factor regarding efficacy of lesser sanctions, the Court recommends dismissal without prejudice. Dismissal with prejudice "represents an extreme sanction appropriate only in cases of willful misconduct," and should be used "as a weapon of last, rather than first, resort," particularly in *pro se* cases. *Ehrenhaus*, 965 F.2d at 920. *See also Butler v. Butierres*, 227 F. App'x 719, 720 (10th Cir. 2007) (remanding dismissal with prejudice for determination of willfulness); *Cosby v. Meadors*, 351 F.3d 1324, 1334 (10th Cir. 2003) ("We caution, however, that

our review of Plaintiff's egregious misconduct should not be interpreted as suggesting that equally egregious misconduct is necessary to justify dismissal with prejudice.").

Plaintiff has failed to prosecute this case with due diligence by his failure to comply with the Court's orders instructing him to respond to Defendant's Motion to Dismiss and to this Court's Order to Show Cause, or to properly request an extension of time to respond if he was unable to do so in a timely fashion. Plaintiff further failed to prosecute this lawsuit by failing to appear at the Scheduling Conference on November 30, 2010. For these reasons, dismissal without prejudice of this action is warranted.

### III.   Conclusion

Based on the foregoing and the entire record herein, and pursuant to Fed. R. Civ. P. 41(b), the Court hereby **RECOMMENDS** that the District Court **dismiss without prejudice** this case for Plaintiff's failure to prosecute this action and **deny as moot** Defendant's Motion to Dismiss [filed October 12, 2010; docket #19]. Additionally, the Court recommends Defendant be awarded its fees incurred by its appearance at the Scheduling Conference on November 30, 2010. Defendant may submit a motion for fees for the Court's approval within *five business days* of the District Court's ruling on this recommendation.

Dated this 3rd day of December, 2010, in Denver, Colorado.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge

5